UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED:___5│3│2022           │
└─────────────────────────────────┘
```

JORDAN'S LADDER LEGAL PLACEMENTS, LLC,

     Plaintiff,

     -against-                          No. 21 cv 7124 (CM)

MAJOR, LINDSEY & AFRICA, LLC,

     Defendant.

JURISDICTIONAL STATEMENT MUST BE FILED

McMahon, J.:

     In this lawsuit between two limited liability corporations that are engaged in legal recruiting, neither party has discussed the very real possibility that this court lacks subject matter jurisdiction because there is no complete diversity and the Declaratory Judgment Act does not confer jurisdiction.

     The complaint alleges, in purely conclusory fashion, that Plaintiff and Defendant are citizens of different states. But for purposes of diversity jurisdiction, an LLC is a citizen of every state of which any of its members is a citizen. *Catskill Litig. Trust v. Park Place Entm't Corp.*, 169 F. App'x 658, 659 (2d Cir. 2006) ("[T]he citizenship of a limited liability corporation is determined by reference to the citizenship of its members."); *Maxim Group LLC v. Life Ptnrs. Holdings, Inc.*, No. 07 Civ. 8099, 2010 U.S. Dist. LEXIS 405, at *1-2 (S.D.N.Y. Jan. 5, 2010) (Preska, C.J.) ("For the purposes of diversity jurisdiction, a limited liability company's ... citizenship is determined not by the LLC's place of incorporation or principal place of business, but by the citizenship of each member of the LLC.").

     In order to ascertain whether these two firms are completely diverse, the court must be apprised of the citizenship of every single member of each LLC. Neither firm has bothered to advise the court on this question.[1] The only coercive claim in suit, for MLA's tortious interference with contract, is a claim that arises under New York State law – not federal law. So unless every member of the plaintiff firm is jurisdictionally diverse from every member of the defendant firm, this matter must be litigated in state court. I confess, I would be shocked to learn that not a single member of Major Lindsay and Africa is a citizen of New York. I am positive

---

[1] It is my understanding that there is a proposed amendment to Rule 7.1 of the Federal Rules of Civil Procedure that would compel partnerships and LLCs to disclose the citizenship of all their members at the same time they disclose related parties for purposes of checking conflicts of interest. From the perspective of this court, this amendment would be a welcome development.

that not every member is a citizen of Maryland, although that is effectively what is alleged in the pleading.

The fact that Plaintiff has also asserted a claim under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), does not save federal jurisdiction, since that law does not confer federal jurisdiction. *City of Rome, N.Y. v. Verizon Commc'n*, 362 F.3d 168, 182 (2d Cir. 2004) (quoting *Franchise Tax Bd.*, 463 U.S. at 16) ("It is well established that, in a declaratory judgment action, federal jurisdiction does not lie 'if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action.'"). The general rule "is that an action for a declaratory judgment will invoke federal question jurisdiction only if the coercive action that would have been brought (were declaratory judgments not available) would have been within that jurisdiction." 13D Wright & Miller § 3566, pp. 275–76; *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1893) (jurisdiction lacking); *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 673–74 (1950) (jurisdiction lacking). In this case, the underlying claim – the only underlying claim – is for tortious interference with contract, a purely state law cause of action. This court no more can issue a declaration in that regard than it can adjudicate the claim itself unless the parties are completely diverse.

The parties have until 12:00 noon on Friday, May 6, to file a statement under oath indicating the state of residence of every member.

Dated: New York, New York
       May 3, 2022

U.S.D.J.

BY ECF TO ALL COUNSEL