UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/23/2022

JORDAN'S LADDER LEGAL PLACEMENTS, LLC,

                        Plaintiff,

   -against-

MAJOR, LINDSEY & AFRICA, LLC,

                        Defendant.

No. 21 Civ. 7124 (CM)

This matter having come before the Court by stipulation of Plaintiff Jordan's Ladder Legal Placements, LLC ("Jordan's Ladder"), and Defendant Major, Lindsey & Africa, LLC ("MLA") for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information, including but not limited to responses to interrogatories, responses to requests for production, responses to requests for admissions, deposition testimony and exhibits, and to the extent they disclose information derived therefrom (but only to such extent), excerpts, quotations, summaries, abstracts, indices, and attorney work-product, that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Either party may designate Documents produced, or Testimony given, in connection with this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

a. "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

> i. Information designated "CONFIDENTIAL" shall include Documents or Testimony containing trade secrets, proprietary business information, competitively sensitive information, private personal information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business, in the case of an individual his personal good will or privacy, or the business of any of that party's customers or clients.
>
> ii. Information designated "ATTORNEYS' EYES ONLY" shall include extremely sensitive Confidential Information, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to documents where disclosure may cause competitive injury.

2

b.  "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, subpoenas, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

c.  "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4.  The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5.  Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information marked "CONFIDENTIAL" shall not be furnished, shown or disclosed to any person or entity except to:

a.  principals, personnel or employees of the parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder and who have a legal duty of confidentiality (contractual or otherwise);

b.  outside counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

3

c. contractors or other persons specifically engaged for the limited purpose of making copies of, organizing, reviewing and/or processing documents (including outside vendors hired to process electronically stored documents, computer personnel performing duties in relation to a computerized litigation system, and graphic production services), provided that such contractors or other persons are advised of the contents of this Stipulation prior to disclosure;

d. experts or consultants (including support staff) retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof; and further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as confidential by the party responsible for its creation;

e. the Court and court personnel, if filed in accordance with paragraph 13 hereof;

f. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 11 hereof;

g. pre-trial, trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 10 and 11, respectively, hereof; and

h. any other person agreed to by the parties in writing.

6. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information marked "ATTORNEYS' EYES ONLY" shall not be furnished, shown or disclosed to any person or entity except to:

4

a. inside counsel for the parties who are engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b. outside counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c. contractors or other persons specifically engaged for the limited purpose of making copies of, organizing, reviewing and/or processing documents (including outside vendors hired to process electronically stored documents, computer personnel performing duties in relation to a computerized litigation system, and graphic production services), provided that such contractors or other persons are advised of the contents of this Stipulation prior to disclosure;

d. experts or consultants (including support staff) retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof; and further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as confidential by the party responsible for its creation;

e. the Court and court personnel, if filed in accordance with paragraphs 10 and 13 hereof;

  f. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 11 hereof;

  g. any other person agreed to by the parties in writing.

  7. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

  8. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(d) hereof, counsel for the Receiving Party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by Rule 26, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

  9. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) business days after a transcript of said deposition is received by counsel for the parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately (but if not classified by the parties otherwise shall be deemed Confidential Information).

  10. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential

Information, including but not limited to filing different, redacted versions on the public docket and submitted unredacted versions exclusively to the Court and the parties.

11. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party. The failure or refusal of the deponent or witness to sign shall not prevent the disclosure of Confidential Information as long as the deponent or witness is supplied with a copy of this Stipulation.

12. A party or non-party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any nonparty to this case, or any portion thereof, in accordance with the terms hereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) business days after actual receipt of copies of those documents by counsel for the party or non-party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel in writing or by designating it on the record as such during the depositions of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) business days after the transcript is received by counsel for the party or non-party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) business day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents or testimony shall be treated as Confidential Information.

13. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with written notice of its intent to file such material with the Court, so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all documents which are the subject of the order to seal, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of all the parties. Violation hereof may be regarded as contempt of the Court."

14. All pleadings, briefs, affidavits, affirmations or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a party or nonparty as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

15. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

16. An inadvertent failure to designate any document or information as confidential does not, standing alone, waive or forfeit the right to so designate the document or information. If a party or non-party designates discovery material as confidential after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the material is treated in accordance with the provisions of this Stipulation. To the extent such information may have been disclosed to anyone not authorized to receive the Confidential Information, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure.

17. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

18. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action

19. This Stipulation is entered into without prejudice to the right of any party or nonparty to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under any applicable law.

20. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

21. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

22. Nothing in this Stipulation shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials, or information that have been designated as confidential pursuant to this Stipulation.

23. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

24. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

25. Pursuant to this Court's Individual Practices and Procedures, the Parties further understand and agree to be bound by the following:

> The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

SO STIPULATED AND AGREED this 19th day of August, 2022, by:

| **LAW OFFICE OF DANIEL F. WACHTELL** | **SHOOK, HARDY & BACON L.L.P.** |
|---|---|
| By: */s/ Daniel F. Wachtell* <br> Daniel F. Wachtell <br> 90 Broad Street, 23rd Floor <br> New York, New York 10004 <br> (917) 667-6954 <br> dan@danwachtell.com | By: */s/ William E. Vita* <br> William E. Vita <br> 1325 Avenue of the Americas, 28th Floor <br> New York, NY 10019 <br> (212) 779-6103 <br> wvita@shb.com |
| *Attorney for Plaintiff Jordan's Ladder* | *Attorney for Defendant MLA* |

SO ORDERED:

_/s/ Colleen McMahon_
Hon. Colleen McMahon, U.S.D.J.
8/23/2022

11

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORDAN'S LADDER LEGAL PLACEMENTS, LLC,<br><br>         Plaintiff,<br> -against-<br><br>MAJOR, LINDSEY & AFRICA, LLC,<br><br>         Defendant. | No. 21 Civ. 7124 (CM) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that she/he has read the Confidentiality Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Date: _____    _____
               Signature